## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, INC. | : | |
| 201 Gibraltar Road, Suite 150 | : | CIVIL ACTION |
| Horsham, PA 19044 | : | |
| Plaintiff, | : | |
| v. | : | No. |
| GARY OTTO | : | |
| 2801 Cortez Road - West | : | |
| Bradenton, FL 34207 | : | |
| and | : | |
| SUNWEST HOLDINGS, LLC | : | |
| 2801 Cortez Road - West | : | |
| Bradenton, FL 34207 | : | |
| and | : | |
| SUNWEST AUTOMOTIVE, LLC | : | |
| 2801 Cortez Road - West | : | |
| Bradenton, FL 34207 | : | |
| Defendants. | : | |

## COMPLAINT

1.     Plaintiff, AAMCO Transmissions, Inc. ("ATI"), is a Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania 19044.

2.     Defendant, Gary Otto ("Otto"), is an adult individual who is a citizen of the state of Florida with a principal place of business at 2801 Cortez Road – West, Bradenton, FL 34207.

3.     Defendant, SunWest Holdings, LLC ("SW Holdings"), is Defendant Otto's closely held limited liability company, and is a citizen of the state of Florida with its principal place of business at 2801 Cortez Road – West, Bradenton, FL 34207.

4.     Defendant, SunWest Automotive, LLC ("SW Auto"), is Defendant Otto's closely held limited liability company, and is a citizen of the state of Florida with its principal place of business at 2801 Cortez Road – West, Bradenton, FL 34207.

5.     This Court has jurisdiction pursuant to 15 U.S.C.A. §1121(a), and also pursuant to 28 U.S.C.A. §1338(b) relating to claims of unfair competition joined with a substantial and related

claim under the trademark laws, as well as pendent and ancillary jurisdiction of the state and common law claims contained herein. This Court also has diversity jurisdiction pursuant to 28 U.S.C.A. §1332 based upon the diverse citizenship of the parties and the amount in controversy which exceeds $75,000 exclusive of interest and costs.

6.     Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that Plaintiff resides in this District, Defendants have transacted business with Plaintiff continuously over the last several years in this District and the claims arise under contracts that were made in this District.

7.     Since at least 1963, ATI has continually used the name "AAMCO" as its trade name, trademark and service mark in connection with the operation of transmission repair centers. It is the owner of the following marks registered on the principal register of the United States Patent and Trademark office for "automobile repair services":

| Registration # | Description |
| --- | --- |
| 851,209 | The name "AAMCO". |
| 860,330 | Pictorial representation containing the name "AAMCO". |
| 1,127,710 | Pictorial representation containing the name "AAMCO Transmissions". |

8.     ATI is engaged in interstate commerce in, inter alia, the business of franchising or licensing others to use the mark and name "AAMCO" in the operation of transmission repair centers throughout the United States and Canada.

9.     The "AAMCO" trade name and trademark have become universally associated with the repair of motor vehicle transmissions and the operation of transmission repair centers. As a result, ATI owns common-law trade name and trademark rights in the name "AAMCO" and in the marks described above. By virtue of the long use and promotion and the resulting fine

public reputation of the trade name "AAMCO", there exists a secondary meaning in the name "AAMCO" and the above marks.

10.     Large sums of money have been spent in advertising and promoting the services sold under ATI's trade name and trademarks, and today ATI has a substantial business and a long established goodwill associated with the name and the above marks in connection with the services provided under its trade name and trademarks.

11.     ATI has a vital interest in protecting its trade name and trademarks and the preservation and protection thereof are essential to the maintenance of ATI's quality transmission repair centers and the goodwill and reputation associated therewith.  To supervise and control use of its trade name and trademarks, ATI has established standards and policies governing the quality of service to be provided to the public and has established procedures calling for the inspection of franchisees' centers to determine that the standards and policies are being followed.

12.     On November 14, 2003, ATI and Defendant Otto entered into a franchise agreement, pursuant to which Otto was authorized to use, and has used, the name and mark "AAMCO" in connection with the operation of an automotive repair center located at 2801 Cortez Road – West, Bradenton, FL  34207 (the "Center").  A true and correct copy of this franchise agreement (the "Franchise Agreement") is attached hereto, marked as Exhibit "A" and incorporated herein by reference.

13.     The Center was first established under the AAMCO trademark on September 7, 1993, and has been advertised in the Bradenton area as AAMCO ever since.

14.     Otto did not own or commence operation of the Center until more than ten (10) years later on December 18, 2003.

15.     In November of 2003, before he was allowed to commence operation of the Center as AAMCO, Otto attended ATI's intensive owner training class in Pennsylvania lasting several weeks where he was taught the intricacies of ATI's successful proprietary system of doing business.

16.     Otto has been provided ATI's proprietary operating and technical manuals, national customer lists and proprietary software.

17.     Otto has also received periodic in-field training, operational support, bulletins, newsletters, alerts and access to ATI's national technical hot line.

18.     In consideration for the services provided by AAMCO under the Franchise Agreement, Otto was required to pay ATI a continuing franchise fee of seven percent (7%) of the gross business transacted at the Center as well as certain other fees and charges.

19.     Each week, Otto was required to submit to ATI an accurate weekly business report documenting the Center's gross revenues and the amounts collected.  Otto's weekly business reports are used to calculate the weekly franchise fee due.

20.     ATI is contractually entitled to audit Otto's franchise business pursuant to Section 11.2 of the Franchise Agreement which provides that:

> AAMCO's representative may enter Franchisee's center to inspect books and records to verify the accuracy of Franchisee's reports.  Franchisee agrees to keep its books and records available in the center at all times, or to make them available there upon request by AAMCO.

*See* Franchise Agreement, § 11.2, Ex. "A."

21.     The Franchise Agreement further provides that Defendant Otto shall:

> keep true and correct books and records according to directions of AAMCO, and to employ such recordkeeping systems as AAMCO may request.  Franchisee agrees to promptly deliver to AAMCO records, reports and copies of tax returns which AAMCO may request. Franchisee agrees to use exclusively numerically certified work or repair orders

provided by AAMCO.  Franchisee further agrees to furnish to AAMCO bank deposit slips, verification of cash receipts and any other documents or information requested by AAMCO as part of standard auditing procedures.

*See* Franchise Agreement, § 11.1, Ex. "A."

22.    On August 18, 2010, ATI conducted an unannounced field audit at the Center and discovered that the Defendants were engaged in widespread and systematic underreporting of gross revenues to ATI and under payment of franchise fees to ATI.

23.    Defendant Otto uses his companies, Defendant SW Holdings and Defendant SW Auto, in connection with his ownership and operation of the Center premises.  SW Holdings holds title to the real property upon which the Center is located, and SW Auto operates the Center and leases the property from SW Holdings.

24.    On November 10, 2010, ATI and Defendants entered into a Settlement Agreement wherein it was agreed that the Franchise Agreement would not be immediately terminated and that Otto could continue as ATI's franchisee.  In consideration, Otto:

a.    executed a Promissory Note in favor of ATI in the amount of $90,000, which note provides that its balance shall become immediately due and payable to ATI upon termination of the Franchise Agreement; and

b.    tendered to ATI a Lease Rider executed by Defendant SW Holdings, who holds title to the Center premises and leases it to Defendant SW Auto, who is the leasee of the Center premises, wherein ATI was conditionally assigned SW Auto's right, title and interest as leasee of the Center premises; the assignment being exercisable by ATI upon the termination of the Franchise Agreement.

A true and correct copy of the Settlement Agreement, Promissory Note and Lease Rider (collectively referred to as the "Settlement Package") are attached hereto and made a part hereof at Exhibit "B".

25.    A little more than a year later, on January 19, 2012, ATI conducted another unannounced field audit at the Center and discovered that Otto was again engaged in widespread

and systematic underreporting of gross revenues to ATI and under payment of franchise fees to ATI.

26. The audit revealed numerous improprieties including the use of unauthorized repair receipts. Internal cash flow reports documenting approximately 154 automobile repair transactions over a period of 27 weeks in 2011 that should have been reported to ATI but were not reported to ATI, all of which resulted in the underpayment of franchise fees to ATI.

27. When ATI requested Otto to supply his cash flow reports for the remaining 25 weeks in 2011, Defendant Otto refused.

28. On April 11, 2012, Otto met with ATI at ATI's office in Pennsylvania to discuss the results of ATI's January 2012 audit of the Center.

29. At the meeting, Otto acknowledged that his Center continued to underreport revenue but could not explain how the continued underreporting could have occurred without his knowledge or approval.

30. Otto has failed to deal honestly and fairly with ATI.

31. Section 18.1(c) of the Franchise Agreement permits ATI to immediately terminate the Franchise Agreement if the termination is based in whole or in part on Otto's failure to deal honestly and fairly with ATI.

32. Section 19.1 of the Franchise Agreement, entitled "Procedures after Termination," provides that upon termination of the Franchise Agreement "for any reason", Defendant Otto shall:

(1) Promptly pay AAMCO all sums due and owing.

(2) Promptly pay AAMCO the sum of $5,000 to be held by AAMCO to cover the costs of warranty work for customers of Franchisee's former center. If there is any amount remaining unused two (2) years after the

date of termination and Franchisee has complied fully with the provisions of section 19, then any such amount shall be returned to Franchisee.

(3) Immediately and permanently discontinue the use of the mark AAMCO and all similar names or marks, and any other designation tending to indicate that Franchisee is or was an authorized AAMCO franchisee.

(4) Promptly surrender to AAMCO all signs, training materials, manuals, videos, stationery, letterheads, forms, repair orders, printed matter and advertising material containing the mark AAMCO, all similar names or marks or any other designation tending to indicate that Franchisee is or was an authorized franchisee of AAMCO.

(5) Immediately and permanently discontinue all advertising as an authorized AAMCO dealer.

(6) Promptly transfer to AAMCO or AAMCO's designee each telephone number listed under the designation AAMCO or any similar designation, and execute such instruments and take such steps as AAMCO may require to accomplish the transfer of each such telephone number.

*See* Franchise Agreement, ¶ 19.1(a), attached hereto at Ex. "A".

33.     Section 19.2 of the Franchise Agreement, entitled "Covenant Not-to-Compete," provides in pertinent part that:

For a period of two (2) years after the termination of this Agreement, Franchisee shall not directly or indirectly engage in the transmission repair business within a radius of ten (10) miles of the former center or any other AAMCO center. The two (2) year period shall not begin to run until Franchisee commences to comply with all obligations stated in this section 19.2(b).

*See* Franchise Agreement, ¶ 19.2, attached hereto at Ex. "A".

34.     In a letter dated April 17, 2012, ATI terminated Otto's Franchise Agreement in accordance with Section 18.1(c) and informed Otto that ATI was exercising its right under the conditional assignment of the Lease Rider to assume the lease for the Center premises. In the letter, ATI further requested Otto to comply with his post termination obligations under the Franchise Agreement and Settlement Package, which include:

a.  Assignment of the Center's lease to ATI;

b.  Payment of the remaining balance of the Promissory Note;

c.  Payment of the amounts due and owing under the Franchise Agreement, including the amounts owed by Otto associated with the underreported gross receipts uncovered by the January 2012 audit;

d.  Discontinuance of business as an AAMCO franchisee;

e.  Surrender of all signs, training materials, manuals, videos, stationery, letterhead, forms and other printed material containing AAMCO marks;

f.  Discontinuance of all advertising as an authorized AAMCO dealer; and

g.  Compliance with the covenant not-to-compete.

A true and correct copy of ATI's letter dated April 17, 2012 is attached hereto and made a part hereof at Exhibit "C".

35.     Despite the termination of his franchise and any further authority to continue in business under and the use of the AAMCO name, Defendant Otto has refused to take the actions required by the Franchise Agreement to remove the AAMCO name and trademark from the Center and its signs and cease all use of ATI's systems and AAMCO merchandising materials there and, instead, using ATI's AAMCO advertised telephone number for the Center, has continued to operate the Center under the name and style "AAMCO Transmissions", to hold himself out to be an authorized AAMCO franchisee, and to use the AAMCO trade name and trademark, without any license or right whatsoever.  Further Defendant Otto has failed to transfer the AAMCO advertised telephone number to ATI and refused to return any of ATI's trademarked or proprietary items in his possession.

36.     Despite the termination of the Franchise Agreement, Defendant Otto has failed and refused to pay the sums due and owing to ATI under the Franchise Agreement and Promissory Note.

37.     Despite the termination of the Franchise Agreement and exercise by ATI of its conditional right, Defendants have failed and refused to assign SW Auto's right, title and interest as leasee of the Center premises to ATI.

## COUNT I - TRADEMARK INFRINGEMENT

38.     ATI hereby incorporates by reference, as if fully set forth, paragraphs 1 through 37 above.

39.     Defendant Otto has materially breached the terms and conditions of the Franchise Agreement by failing to deal fairly and honestly with ATI thereby extinguishing any contractual right of Defendant to use ATI's marks.

40.     Defendants have willfully and without justification failed and refused to comply with the post-termination provisions of the Franchise Agreement which requires Defendants to, among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all items containing the AAMCO name and trademark, and transfer to ATI any and all telephone numbers listed under the AAMCO name.

41.     Unless Defendants are enjoined, ATI believes and therefore avers that they will continue their infringing use of the AAMCO trade name and trademarks at the Center.

42.     Unless Defendants are enjoined, their continued improper use of the AAMCO trade name and trademarks will greatly impair the value of the AAMCO trade name and trademarks, as well as ATI's reputation and goodwill.

43.     Defendants' continued failure and refusal to comply with their obligations has caused and continues to cause ATI irreparable harm to its reputation and goodwill, and substantial financial losses.

44.     The actions and conduct of Defendants as set forth in this Complaint constitute willful trademark infringement in violation of 15 U.S.C.A. §1125.

45.     The damages that have been occasioned by the willful trademark infringement that has been engaged in by Defendants are irreparable and continuing, and ATI has no adequate remedy at law.

46.     Pursuant to 15 U.S.C.A. §1116, ATI is entitled to injunctive relief to protect its rights under the Lanham Act.

47.     Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover Defendants' profits at the Center for the period since April 17, 2012, during which they have engaged in the above-described willful trademark infringement, plus any damages sustained by ATI, which damages may be trebled, plus the costs of this action and attorneys' fees.

## COUNT II - BREACH OF AGREEMENTS
## SPECIFIC PERFORMANCE

48.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 47 above.

49.     As a result of the termination of Otto's franchise, ATI is entitled to specific performance of Section 19.1 of the Franchise Agreement, which requires Defendants to, among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all items containing the AAMCO name and trademark, and transfer to ATI any and all telephone numbers listed under the AAMCO name.

50.     As a result of the termination of Otto's franchise, ATI is also entitled to specific performance of Section 19.2 of the Franchise Agreement, which provides that for a period of two years following termination, Defendant will not, directly or indirectly, engage in the transmission

repair business within a radius of ten (10) miles of the former Center or any other AAMCO center.

51.     As a result of the termination of Otto's franchise, ATI is also entitled to specific performance of the Settlement Package's Lease Rider, which provides that, upon termination of the Franchise Agreement, Defendants are required, at ATI's option, to assign SW Auto's right, title and interest as leasee of the Center premises to ATI.

52.     Defendants continue to masquerade as an AAMCO franchisee and have misappropriated the goodwill generated under the AAMCO name. Further, they continue to use ATI's proprietary methods, systems, and materials, as well as the AAMCO advertised telephone number for the Center.

53.     Defendants' continuing conduct is in violation of (1) ATI's trademark rights as stated in Count I above, (2) the covenant not-to-compete contained in the Franchise Agreement, and (3) the Settlement Package's Lease Rider.

54.     Defendants' failure to honor the procedures after termination stated in the Franchise Agreement, Settlement Agreement and Lease Rider interfere with ATI's ability to develop the market, retain its goodwill and re-establish the presence of the AAMCO name in this market, all of which cause ATI irreparable harm.

55.     ATI has no adequate remedy at law for damages, and unless Defendants' specific performance of the post termination obligations under the Franchise Agreement, Settlement Agreement and Lease Rider, is ordered and injunctive relief granted to restrain Defendants' violation of the aforesaid agreements, ATI will continue to suffer irreparable harm.

## COUNT III - COMMON LAW UNFAIR COMPETITION

56.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 55 above.

57.     Defendants' conduct is in violation of the common law of unfair competition in that they are:

> a.   causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services in connection with their conducting business at the former Center using ATI's trade name and trademarks;
>
> b.   causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by ATI of their conducting business at the former Center; and
>
> c.   representing to the public that their competing business has ATI's approval, which it does not.

58.     These acts by Defendants have been committed willfully and with the intention of deceiving and misleading the public.

59.     Defendants' unlawful trade practices will irreparably harm and injure ATI's trademarks, trade name, reputation and goodwill.

60.     ATI is without an adequate remedy at law.

## COUNT IV - BREACH OF FRANCHISE AGREEMENT
## FAILURE TO PAY FRANCHISE AND OTHER FEES

61.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 60 above.

62.     Defendant Otto has failed to make certain payments to AAMCO which remain due and owing pursuant to the Franchise Agreement.   To date, $4,556.26 remains due and owing from Defendant Otto to AAMCO.  This sum is comprised as follows:

| Parts Account | $ | 251.73 |
|---|---|---|
| Intershop | | 1,250.84 |
| Nat'l Creative Adv. | | 1,500.00 |
| Internet Adv. | | 75.72 |
| Franchise Fees | | |
|    Reported | | (152.93) |
|    Estimated[1] | | 1,398.11 |
| FOCUS | | 232.67 |
| Interest | | 0.00 |
| Total | $ | 4,556.14[2] |

63. Despite ATI's demand, Defendant Otto has failed and refused and continues to fail and refuse to pay the monies due and owing under the Franchise Agreement.

## COUNT V - BREACH OF CONTRACT
## PROMISSORY NOTE

64. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 63 above.

65. Attached to the Settlement Package, Defendant Otto executed a Promissory Note in ATI's favor, dated November 5, 2010, in the sum of $90,000, with no interest, payable over two (2) years with a weekly payment of $865. *See* Ex. "B".

66. The Promissory Note provides that its balance shall become immediately due and payable to ATI upon termination of the Franchise Agreement.

67. The Promissory Note's unpaid balance, as of the date of this Complaint is $25,096.50.

---

[1] Defendant Otto failed to remit one (1) weekly business report for the week ending 4/21/12 along with the applicable franchise fees. Accordingly, the franchise fee due and owing for this business report has been estimated.

[2] This amount does not include any amounts arising from unreported sales discovered during the field audit in January of 2012. These amounts are set forth in Count VI hereunder.

68.     The Franchise Agreement has been terminated and the remaining balance under the Promissory Note is immediately due and payable to ATI.

69.     Despite ATI's demand, Defendant Otto has failed and refused, and continues to fail and refuse, to pay the monies due and owing under the Promissory Note.

70.     The Promissory Note provides that ATI shall be entitled to collect attorney's fees from Otto in the amount of 15% of the unpaid balance, or $3,764.48.

71.     Defendant Otto is liable to ATI under the Promissory Note in the amount of $28,860.98 plus continuing interest.

## COUNT VI – FRAUD AND DECEIT

72.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 71 above.

73.     Defendant Otto had a duty to provide true and correct weekly business reports to ATI and pay to ATI the corresponding franchise fees due thereon.

74.     Defendants knowingly submitted understated weekly business reports to ATI and knowingly underpaid franchise fees due and owing to ATI with the hope and intent that ATI would rely on the understated business reports as being accurate and accept the underpayment of franchise fees as full payment, which ATI did.

75.     ATI relied on Defendants' understated business reports to its detriment and loss.

76.     ATI has been damaged as a result of Defendants' wrongful conduct in that ATI has been underpaid the license fees due and owing it under the Franchise Agreement in an amount to be determined but estimated to be at least $11,538.43, which amount is subject to interest and liquidated damages under Section 11.3 of the Franchise Agreement.

77.    Defendants' wrongful conduct was intentional and egregious, and as such, Defendants should also be liable for punitive damages.

## COUNT VII - BREACH OF CONTRACT – ACCOUNTING

78.    ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 77 above.

79.    Defendants have fraudulently withheld sales performed at the former Center to avoid paying the corresponding franchise fees.

80.    Defendants maintain exclusive control and possession of the former Center's books and accountings including documentation of those transactions which Defendants fraudulently withheld from ATI .

81.    Pursuant to Sections 11.1 and 11.2 of the Franchise Agreement, Defendant Otto has a duty to account to ATI for all transactions performed at the former Center.

82.    Despite ATI's demand to account for sales and pay the rightful amount of franchise fees due and owing ATI, Defendant Otto, in breach of his contractual duty to do so, has refused and continues to refuse to account to ATI.

## COUNT VIII – COSTS AND ATTORNEYS' FEES

83.    ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 82 above.

84.    Pursuant to Section 14.1 of the Franchise Agreement, Defendant Otto agreed to pay all reasonable costs incurred by ATI in bringing this action, including attorneys' fees.

85.    Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover the costs of this action and attorneys' fees from the Defendants.

86.     Upon the filing of this Complaint, Plaintiff ATI has incurred a filing fee of Three hundred fifty dollars ($350.00) in this matter.

87.     Plaintiff ATI has incurred and continues to incur attorneys fees in the pursuit of this action.

## COUNT IX – DECLARATORY JUDGMENT

88.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 87 above.

89.     Pursuant to 28 U.S.C. §2201, this Court has jurisdiction to determine disputes between Plaintiff and Defendant Otto concerning the validity, formation, operation and termination of the Franchise Agreement.

90.     A dispute exists between Plaintiff and Defendant Otto as to whether Defendant is in default of the Franchise Agreement and as to the termination of said agreement.

91.     Plaintiff did properly register, sell and enter into the Franchise Agreement with Defendant Otto and obeyed all applicable laws.   Neither Plaintiff nor its agents, employees, brokers or representatives made any misrepresentations or omissions of any material facts in connection with Otto entering into the Franchise Agreement.

92.     Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendants.

93.     Plaintiff has properly determined that Defendant Otto was in violation of the Franchise Agreement as he, inter alia failed to deal fairly and honestly with ATI, defrauded ATI, and refused to pay sums due and owing under the Franchise Agreement.

94.     Pursuant to the Franchise Agreement, Plaintiff may terminate the Franchise Agreement for one or more of the breaches set forth above.

WHEREFORE, Plaintiff AAMCO Transmissions, Inc. demands a judgment in its favor and a declaration that the Franchise Agreement is valid, was properly entered into, that Plaintiff has fulfilled all of its obligations under the Franchise Agreement, that Plaintiff did not misrepresent and/or omit any material facts, that Plaintiff has not negligently or willfully caused damage to Defendants, and that Plaintiff may terminate Defendant Otto under the Franchise Agreement for one or more of the breaches described in the above set forth Counts of this Complaint.

## RELIEF SOUGHT

WHEREFORE, ATI requests the following relief:

A.     That Defendants, their agents, servants, officers, employees and those persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

(i)     using in any manner, including without limitation on or in any signs, stationery, letterheads, forms, printed matter or advertising, the proprietary marks "AAMCO", "AAMCO Transmissions" or similar names or marks;

(ii)     advertising or otherwise holding themselves out, directly or indirectly, as an authorized franchisee of ATI or as being in any way sponsored by or connected or associated with ATI; and,

(iii)     doing anything to cause potential purchasers of automotive repair services to believe that any services or repairs performed by Defendant Otto or any business with which he is associated originate with ATI or are endorsed or sponsored by ATI.

B.    That Defendants deliver to ATI or to persons designated by the Court all materials, including without limitation signs, stationery, letterhead, forms, software, printed matter and advertising, which contain the proprietary marks "AAMCO", "AAMCO Transmissions", or similar names or marks.

C.    That Defendants transfer to ATI or at ATI's direction, each telephone number listed by them under the designation "AAMCO Transmission" or any similar designation and execute any instruments and take such steps as may be necessary or appropriate to transfer each such telephone number and if they shall fail to do so, that counsel for ATI be designated by the Court as their attorney-in-fact to execute such documents in their name and in their place.

D.    That Defendants be ordered to provide an accounting pursuant to 15 U.S.C.A. §1117(a), of their profits at the businesses at the former Center and that these profits be awarded to ATI, along with all other damages for Defendants' violation of ATI's trademark rights, trebled in accordance with 15 U.S.C.A. §1117(a).

E.    That Defendant Otto be ordered to honor the covenant not-to-compete contained in the Franchise Agreement, by ceasing to operate, directly or indirectly, any automotive repair business for two years at or within ten (10) miles of the location of the former Center or any other AAMCO center.

F.    That Defendant Otto be ordered to file with the Court and to serve on ATI within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendants to comply herewith.

G.    That Plaintiff be awarded money damages as requested herein which damages have yet to be fully determined.

H.    That the Court enter Declaratory Judgment that:

(i).    Plaintiff did properly register, sell and enter into the Franchise Agreement with Defendant and obeyed all applicable laws;

(ii).    Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendants;

(iii).    Plaintiff has properly determined that Defendant is in violation of the Franchise Agreement; and

(iv).    Plaintiff may properly terminate the Franchise Agreement.

I.    That ATI be awarded its reasonable attorneys' fees, costs of court and all other and further relief to which it may be entitled.

Date: 4/26/12

William B. Jameson
Attorney ID. # 58949
Attorney for Plaintiff
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, Pennsylvania 19044
(610) 668-2900