# EXHIBIT B

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into between AAMCO Transmissions, Inc. ("ATI") on the one hand and Gary M. Otto ("Franchisee") on the other hand as of November 10, 2010 (the "Effective Date").

WHEREAS, ATI and Franchisee entered into a Franchise Agreement dated November 14, 2003 ("Franchise Agreement") whereby ATI granted to Franchisee the conditional right to operate an AAMCO Transmission Center at 2801 Cortez Road West, Bradenton, Florida 34207 (the "Center");

WHEREAS, ATI conducted an unannounced audit of the Center and contends, among other things, that it discovered documentation revealing that gross sales at the Center were being underreported to ATI and that franchise fees and other fees were being underpaid to ATI in violation of the Franchise Agreement (the "Claim");

WHEREAS, Franchisee denies any and all such allegations or Claim;

WHEREAS, ATI and Franchisee now desire to resolve any disputes between them without any admission of fault or liability from the date of the Franchise Agreement to the Effective Date of this Agreement.

NOW THEREFORE, for adequate consideration, the existence which is expressly acknowledged by the parties, ATI and Franchisee agree as follows:

1. Franchisee agrees to pay to ATI the sum of Ninety Thousand dollars ($90,000) (the "Payment Amount") to resolve ATI's claim and Franchisee's denial of unpaid franchise fees associated with the alleged underreporting at the Center and ATI's costs with respect to the audit. To satisfy the Payment Amount, Franchisee agrees to tender to ATI a Promissory Note requiring one hundred three (103) equal weekly payments of $865.38 payable on or before the first business day of each week beginning November 8, 2010 and ending on the one hundred forth (104th) week thereafter with a final payment of $865.86. The Promissory Note is attached at Attachment "A" hereto.

2. The parties agree that notwithstanding the Claim, the Franchise Agreement shall remain in effect. In the event Franchisee shall default under the aforementioned Promissory Note, ATI (in addition to any of its other available remedies under the Franchise Agreement) shall be entitled to terminate the Franchise Agreement without further notice, and, in such event, Franchisee agrees to honor all post termination covenants under the Franchise Agreement including the de-identification and non-compete covenants.

3. Franchisee agrees to cooperate with ATI and to take the actions necessary to redirect to the VOIP telephone system established by ATI the telephone number (941) 753-6050 and any other primary telephone number(s) ringing into the Center presently or in the future that are advertised under the AAMCO trademark. AAMCO has the right to seize control of this/these telephone number(s) only in the event underreporting is established in the future. Franchisee understands that participation in ATI's VOIP telephone system may result in an additional monthly charge (estimated to be approx. $30 per month) and may require that Franchisee establish an additional rollover line at the Center.

4. Franchisee agrees to pay his franchise fees (Royalties) due under the Franchise Agreement and Promissory Note to ATI via electronic funds transfer. Simultaneous with the execution of this Agreement, Franchisee shall fill out and execute the Electronic Debit Authorization form attached hereto as Attachment "B" which shall be a part hereof and incorporated herein.

5. Franchisee, as both landlord and tenant and of the Center agrees to provide a conditional assignment right to ATI as set forth in the attached Lease Rider. Simultaneous with the execution of this Agreement, Franchisee shall fill out and execute the Lease Rider attached hereto as Attachment "C" which shall be a part hereof and incorporated herein. AAMCO has the right to invoke the Lease Rider only in the event franchisee defaults on the Note or underreporting is established at some point in the future.

6. Franchisee hereby irrevocably and unconditionally remises, releases, and forever discharges ATI from any, and all manner of, actions, causes of actions, suits, debts, claims and demands, accounts, bonds, covenants, contracts, agreements, and judgments, whatsoever in law and equity, which Franchisee now has, ever had, or may hereafter have, own, hold, claim or have to own or to hold against ATI, including but not limited to, those based upon, related to or connected with the Center. Without limiting the generality of the foregoing in any respect, Franchisee hereby irrevocably and unconditionally remises, releases and forever discharges ATI from any and all claims and causes of action, known or unknown or unanticipated at the time this Agreement was executed, which arose from or are based upon or related to the aforesaid or some part or aspect thereof, from the beginning of the world to the date of this Agreement, which Franchisee ever had, now has or hereafter may have for or by reason of any cause, matter or thing whatsoever. Franchisee acknowledges that there is a risk that, subsequent to the execution of this Agreement, additional claims or causes of action other than the Claim addressed by this settlement, may be discovered or arise, which were unknown or unanticipated at the time this Agreement was executed, including without limitation unknown or unanticipated claims or causes of action, which arose from or are based upon or related to the aforesaid or some part or aspect thereof, and which if known to Franchisee on the date of the execution of this Agreement would have materially affected the decision to execute this Agreement, but which unknown risk or claim Franchisee hereby assumes and expressly agrees that this Agreement, and the release contained herein, applies thereto.

7. ATI agrees that, expressly contingent upon the receipt by ATI from Franchisee of the Payment Amount and the complete satisfaction of the obligations under this Agreement by Franchisee, ATI irrevocably and unconditionally remises, releases, and forever discharges Franchisee from any, and all manner of, actions, causes of actions, suits, debts, claims and demands, accounts, bonds, covenants, contracts, agreements, and judgments, whatsoever in law and equity, which ATI now has, ever had, or may hereafter have, own, hold, claim or have to own or to hold against Franchisee relating to the Claim prior to the Effective Date.

8. Except to the extent superseded by federal law, this Agreement and all rights and obligations hereunder, including, but not limited to, matters of construction, validity and performance, shall be governed by and construed in accordance with the laws of the State of Pennsylvania. The parties consent to the jurisdiction and venue of the courts of general jurisdiction of Montgomery County, Pennsylvania and to the United States District Court for the Eastern District of Pennsylvania, and agree that any legal proceeding arising out of or connected

in any way to this Agreement shall be brought only in such courts and not in any other court. THE PARTIES HERETO WAIVE THEIR RIGHT TO REQUEST A TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING IN ANY COURT OF LAW, TRIBUNAL, OR OTHER LEGAL PROCEEDING ARISING OUT OF OR INVOLVING THIS AGREEMENT.

9. Each party hereto agrees to execute all such further documents and instruments and to do all such further things as any other party may reasonably request in order to give effect to and to consummate the transactions contemplated hereby.

10. The parties agree that the terms of this Agreement and release shall remain confidential and shall not be disclosed to third parties, except as may be required by law or by court order.

11. This Agreement is the entire agreement of the parties with respect to the subject matter hereof and supersedes all other prior understandings and agreements whether written or oral. This Agreement may be amended only by a writing signed by the parties.

Date: 11/10/10

AAMCO TRANSMISSIONS, INC.

Brian O'Donnell, Senior Vice President

Date: 11/5/2010

Gary M. Otto

3

Attachment "A"

# PROMISSORY NOTE

$90,000.00

November 5, 2010

FOR VALUE RECEIVED, the undersigned Gary M. Otto (hereinafter "Borrower"), for good and valuable consideration, does hereby promise to pay to AAMCO TRANSMISSIONS, INC. ("Holder"), the principal sum of Ninety Thousand Dollars ($90,000.00), bearing zero percent (0%) interest, and payable in one hundred three (103) equal weekly payments of $865.38 on or before the first business day of each week beginning November 1, 2010 and ending on the one hundred fourth (104th) week thereafter with a final payment of $865.86. Notwithstanding the foregoing, the entire balance on this Note shall become immediately due and payable to Holder upon the occurrence of any one of the following: 1) Borrower, for any reason whatsoever, terminates, cancels, or rescinds the AAMCO franchise agreement dated November 14, 2003 between Holder and Borrower for an AAMCO Transmissions center located at 2801 Cortez Road West, Bradenton, Florida 34207 ("Franchise Agreement"), which such Franchise Agreement is incorporated herein and made apart hereof by reference, 2) Borrower either sells or otherwise transfers the AAMCO Transmission Center associated with the Franchise Agreement, which is currently operating at 2801 Cortez Road West, Bradenton, Florida 34207 (the "Center") to a third party, which such method of transfer includes, but is not limited to, transferring the franchise license, shares of ownership, membership interests, the sole proprietorship as a going concern, or all or substantially all of the assets of the Center or any ownership entity thereof, or 3) Holder, as a result of Borrower's breach of any provision of the Franchise Agreement or the Settlement Agreement and Release executed contemporaneous with this Note, terminates, cancels, or rescinds the Franchise Agreement per the provisions therein.

Payment of this Note shall be made via Electronic Funds Transfer required by the Settlement Agreement and Release and/or any amendments thereto.

If the Holder shall Default as defined below on any payment on the Note then the Note shall automatically convert from a Note at zero percent (0%) interest to a Note at six percent (6%) interest with regard to the Default.

If the undersigned shall default in the payment of this Note for a period of more than ten (10) business days when due, then the Holder may declare this Note and all other agreements, including but not limited to the Franchise Agreement, in effect between Borrower and Holder or any of its parents, subsidiaries and affiliates immediately in default.

If HOLDER believes in good faith that the prospect of payment is at any time substantially impaired, the Holder shall accelerate the date of this Note and demand immediate payment in full of the total sum of this Note.

4

Notwithstanding the foregoing interest rate, if Borrower shall default in the payment of this Note, interest shall accrue at the lesser of Eighteen percent (18%) per year or the highest amount permissible by law.

None of the rights and remedies of Holder hereunder shall be waived, or affected, by failure to delay in exercising them. All remedies conferred on Holder, or any other instrument or agreement shall be cumulative and not exclusive.

If any action is commenced to enforce the collection of this Note, the undersigned agrees to pay Holder's reasonable costs of collection, including reasonable attorney's fees in such action.

The undersigned and each endorser of this Note, hereby waive presentment, demand, notice, protest and all other demands and notices required or permitted hereunder and by law in connection with the delivery, acceptance, performance, default or endorsement of this Note, assents to any extension or postponement of the time of payment of any other indulgence, to any substitution, exchange or release of collateral and/or to the addition or release of any other party or person primarily or secondarily liable on this Note.

The undersigned hereby authorizes and empowers any attorney or attorneys or the prothonotary or clerk of the court of competent jurisdiction, upon the occurrence of any default hereunder, to therein confess or enter judgment against the undersigned in favor of Holder for all sums due or to become due from Borrower to Holder hereunder, with costs of suit and release of errors, and reasonable attorney's fees. Reasonable attorney's fees shall be one thousand dollars ($1,000.00) or 15%, whichever is greater. Such authority and power shall not be exhausted by an exercise thereof from time to time, as often as there is occasion therefore.

The undersigned also hereby declare that they are not in the military service of the United States or any State or Territory or United States ally, and that they have an income of more than ten thousand dollars ($10,000.00) a year at the time of this signing, that this is a commercial transaction, and that they knowingly and intelligently waive any opportunity to have a hearing at which the burden of proving fault, execution of obligation, amount due, and other elements necessary to execution would be on the creditor.

The terms, conditions, rights and obligations set forth in this Note are in no way intended to be construed as an extinguishment or limitation of the terms, conditions, rights and obligations set forth in any previous documents between the parties hereto.

5

This Promissory Note has been entered into and shall be governed by and construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania.

_____
Gary M. Otto

Attachment "C"

# Lease Rider

This Rider is attached to and is part of the lease between _SunWest Holdings, LLC_ ("Lessor") and _SunWest Automotive LLC_ (Lessee) dated _3/3/2010_ for the premises located at 2801 Cortez Road West, Bradenton, Florida 34207 ("Lease") and shall remain in effect and apply to any and all renewals, extensions or replacement leases between Lessor and Lessee or their respective heirs, successors and/or assigns.

CONDITIONAL ASSIGNMENT. Lessee hereby conditionally assigns all of the Lessee's right, title and interest in this Lease to AAMCO Transmissions, Inc. ("AAMCO"). This assignment shall become effective only upon occurrence of both of the following conditions.

1. Termination, Rejection or Rescission (but specifically not Expiration or non-renewal) of the Franchise Agreement between AAMCO as franchisor and Lessee as franchisee for the operation of an automotive repair center at the leased premises, and

2. Exercise by AAMCO within thirty (30) days after termination or rescission of the Franchise Agreement of its option to assume the obligations of and to replace Lessee as the lessee under this Lease as provided in the Franchise Agreement.

Lessor hereby consents to this conditional assignment and hereby agrees that if the conditional assignment becomes effective, AAMCO shall thereafter be substituted for Lessee as the lessee under this Lease. Lessee shall be relieved of all liability accruing under this Lease after the effective date of this assignment, but shall not be relieved of any liability for prior defaults. AAMCO shall not be responsible for the prior defaults of Lessee and shall have the right to reassign this Lease to a new franchisee of the location, subject to Lessor's approval, which shall not be unreasonably withheld. In the event of such reassignment, AAMCO shall be relieved of all liability accruing under this Lease after the date of such reassignment.

Lessor agrees to give AAMCO thirty (30) days prior written notice of its intention to re-enter and repossess the premises and to cancel the Lease on account of Lessee's default of any of the terms, conditions or provisions of the Lease. During this thirty (30) day period, AAMCO may cure such default or otherwise exercise its right under this conditional assignment.

In the event that Lessee fails to exercise its option under this Lease to renew the Lease before its expiration, Lessor agrees to notify AAMCO in writing of Lessee's failure to renew the Lease and AAMCO shall then have thirty (30) days from receipt of such notice to exercise any option to renew and to replace Lessee as the lessee under the Lease.

Lessee agrees that, at such time as AAMCO exercises its option to become the lessee under this lease, Lessee will immediately vacate the premises without removing any equipment, parts, or supplies except as authorized in the Franchise Agreement and will permit AAMCO to enter upon and take possession of the premises.

Lessor agrees that it will rely solely upon written notice by AAMCO of the termination or rescission of the Franchise Agreement and written notice by AAMCO expressly stating that AAMCO has exercised its option to become the lessee under the Lease and that such express written communications are the only method by which the option may be exercised by AAMCO. Lessor is relieved of any and all liability to Lessee for any action it takes in relying upon such written notices by AAMCO.

Lessor and Lessee agree that this Rider shall remain in effect and apply to any and all Lease renewals, Lease extensions or replacement leases between Lessor and Lessee, or their

8

respective heirs, successors and/or assigns. Any change to the Lease terms or any replacement lease between the parties, their respective heirs, successors and/or assigns, which seeks to change, extinguish or in any way limit the rights accorded AAMCO under this Rider shall be ineffective and void as against AAMCO unless approved in writing by AAMCO, which shall not be unreasonably withheld.

    WAIVER OF SUBROGATION. Lessor and Lessee hereby waive any and all rights of action for negligence against each other which may hereafter arise for damage to the demised premises or to property contained therein resulting from any fire or other casualty of the kind covered by a standard fire insurance policy with an extended coverage and vandalism and malicious mischief endorsement, regardless of whether or not, or in what amounts, such insurance is now or hereafter carried by the Lessor and Lessee.

    WAIVER OF LIENS. Lessor agrees to sign one or more releases and waivers of liens commonly known as a Landlord's Waiver waiving its Landlord's lien on any or all equipment installed in these premises by Lessee and financed by the vendor or any lending institution, such releases and waivers of liens to be on forms supplied to Lessor by Lessee.

AAMCO Transmissions, Inc.

By: _____

Lessor: _Gary M. Otto_____

Lessor: _____

Lessee: _Gary M. Otto_____

Lessee: _____